RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE ___S___/__/___06___
BY _____Om_____

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| BRIAN PASHBY | CIVIL ACTION NO. 05-1507 |
| VERSUS | JUDGE DONALD E. WALTER |
| LETUM CARE, INC., ROBERT C. LOMISON , FOREST PARK EAST ASSOCIATES, INC. and FOREST PARK WEST ASSOCIATES, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court are four separate Motions to Dismiss, or in the alternative, Motions for

Summary Judgment filed on behalf of each of the defendants, Forest Park East Associates, Inc.

("Forest Park East") [Doc. #9] , Forest Park West Associates, Inc. ("Forest Park West") [Doc. #11],

Letum, Inc. (erroneously referred to by plaintiff as "Letum Care, Inc.") [Doc. #13], and Robert C.

Lomison ("Lomison") [Doc. #7], pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56.[1]

Plaintiff opposes these motions. For the reasons assigned herein, the motions are **GRANTED IN**

**PART** and **DENIED IN PART**. The Motions for Attorney's Fees are **DENIED**.

## STATEMENT OF THE CASE

Plaintiff, Brian Pashby ("Pashby"), brings this age discrimination action against defendants

pursuant to the Age Discrimination in Employment Act, 42 U.S.C. §§ 621, et seq (the "ADEA"),

---

[1] Also before this Court is defendants' Motion to Strike Plaintiff's Affidavit [Doc. #20] wherein defendants assert that Pashby's affidavit offered in support of his opposition to defendants' Motions to Dismiss seeks to raise matters not pled, and consists mostly of "conjecture, speculation, opinion and unsupported assertions." Defendants' Motion to Strike [Doc. #20] is **GRANTED** to the extent that the Court considered only competent summary judgment evidence in reaching its decision with regard to defendants' Motions to Dismiss, or in the alternative, Motions for Summary Judgment.

asserting that he was discriminated against when his employment was terminated and he was replaced by two men below the age of 40. Forest Park East admits that it was Pashby's employer, but contends that it did not employ the requisite number of employees to be subject to the ADEA. The remaining defendants maintain that they were not Pashby's employers, and, even if they were, none qualifies as an "employer" under the ADEA. Defendants further assert that they fall outside the scope of Pashby's EEOC charge. Letum, Inc. further asserts that this Court lacks personal jurisdiction over it.

## SUMMARY JUDGMENT STANDARD

As matters outside of the pleadings have been presented and not excluded, the Court will treat defendants' motions as Motions for Summary Judgment under Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(b).

Under Fed. R. Civ. P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id.

The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265

(1986); Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309 (5th Cir. 1999). The moving party is not required to negate the elements of the non-moving party's case. Lawrence, 163 F.3d at 311. However, where the moving party bears the burden of proof on an issue, it must produce evidence that would, if uncontroverted at trial, warrant a judgment as a matter of law. International Short Stop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S.Ct. 936 (1992).

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 584-88, 106 S.Ct. 1348, 1355-56 (1986). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Little v. Liquid Air. Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). In the absence of any proof, the court will not assume the non-moving party could or would prove the necessary facts. Id.

Pursuant to Local Rule 56.1, the moving party shall file a Statement of Uncontested Facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted." Local Rule 56.2.

## LAW AND ANALYSIS

### I. Personal Jurisdiction over Letum, Inc.

Letum, Inc. asserts that the Court may not properly exercise personal jurisdiction over it because it lacks the minimum contacts with Louisiana required to justify the Court's exercise of jurisdiction. This Court disagrees.

In cases such as this where the relevant federal statute does not allow nationwide service of process, a court has personal jurisdiction over a nonresident defendant if (1) the forum state's Long-Arm Statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of personal jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. See Latshaw v. Johnson, 167 F.3d 208, 211 (5th Cir. 1999). Here, the first prong of this test is subsumed into the second as Louisiana's long-arm statute extends jurisdiction to the full limits of due process. See La. Rev. Stat. Ann. § 13:3201(B). Thus, the only question is whether exercising jurisdiction over Letum, Inc. satisfies federal due process requirements. The United States Court of Appeals for the Fifth Circuit has summarized this inquiry as (1) whether the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that state; (2) whether the plaintiff's cause of action arises out of or relates to the defendant's forum-related activities; and (3) whether the exercise of jurisdiction over the defendant is fair and reasonable. Nuovo Pignone, SPA v. Storman Asia M/V, 310 F.3d 374, 378 (5th Cir. 2002) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).

Depending on the extent to which a defendant purposefully avails himself of a forum state's benefits, two kinds of personal jurisdiction, specific or general, may exist under the minimum contacts analysis. See Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994). Specific jurisdiction exists

when the plaintiff's cause of action arises from or is related to the defendant's minimum contacts. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984); Wilson, 20 F.3d at 647. General jurisdiction, however, will attach even if the act or transaction sued upon is unrelated to the defendant's contact with the forum state, if the defendant has engaged in "systematic and continuous" activities in the forum state. Helicopteros, 466 U.S. at 414 n.9; Wilson, 20 F.3d at 647. To be "systematic and continuous" the defendant's contacts with the forum state must be "extensive." Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V., 249 F.3d 413, 419 (5th Cir. 2001). The test for general jurisdiction is often more difficult to meet than that for specific jurisdiction. Id.

A defendant establishes minimum contacts with a forum state if "the defendant's conduct and connection with the forum state are such that [he] should reasonably anticipate being haled into court there." Burger King, 471 U.S. at 474 (quoting World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980)). Often a defendant's physical presence or operation of a business in the forum state will suffice; however, even when such contacts are lacking, "a single purposeful contact is sufficient to confer personal jurisdiction if the cause of action arises from that contact." Nuovo Pignone, SPA, 310 F.3d at 379.

Pashby's claims relate to the termination of his employment, and the hiring of two younger employees. Letum, Inc. asserts that it is incorporated in Pennsylvania, with its registered office and only business establishment in Cumberland County, Pennsylvania. Letum, Inc.'s Statement of Uncontested Facts ("SUF"), ¶1. Letum, Inc. further asserts that it is not qualified to do business in Louisiana, is not transacting business in Louisiana, supplying goods or services in Louisiana, and does not own property or have a bank account in Louisiana. Id. at ¶¶2 - 6.

Since the filing of Letum, Inc.'s motion, at the request of this Court, defendant has advised the Court by letter that Forest Park East and Forest Park West are among the companies to which Letum, Inc. renders its accounting and nationwide recruiting services. According to Letum, Inc., the companies that receive the services of Letum, Inc. are referred to as the "Letum Group" or "Letum Care Group". See Doc. #24. Defendant has further advised that:

> Executives of Letum, Inc. periodically visit the entities for which it renders services at their locations in the various states identified in my earlier correspondence. That includes visits to the defendants herein, Forest Park East Associates, Inc. and Forest Park West Associates, Inc.

Correspondence from Counsel for Letum, Inc., dated April 19, 2006.

Attached to his affidavit, Pashby provides a memorandum purportedly authored by Gary Johnson ("Johnson"), with the words, "Letum Care," on the top, wherein Johnson advises Pashby that his position has been eliminated:

> The position was created by the partnership to manage the sales program at [Forest Park East and Forest Park West] with the intention that the person hired would progress as the company grew to an executive position. Unfortunately, with the demise of the partnership and my hiring, the position of Sales Director is no longer required.

Pashby Affidavit, Exh. 4. As discussed in more detail below, there is at least a question as to whether Johnson is the Vice-President of Sales for Letum, Inc.[2]

This Court finds that the services provided by Letum, Inc. to two Louisiana corporations, Forest Park East and Forest Park West, along with Letum, Inc.'s executives' periodic visits to those corporations are sufficient to meet the minimum contacts requirement. In other words, haling

---

[2]Defendant has not addressed the employment status of Johnson or the Memorandum notifying Pashby that his position was to be eliminated despite multiple references to both by plaintiff in this case and the now closed but related case of Pashby v. Saxton, No. 05-1002 (W.D.La. 2005).

Letum, Inc. into court in Louisiana would not be the result of some random, fortuitous, or attenuated contact, but would in fact be directly related to its activity in Louisiana: providing accounting and recruitment services to Forest Park East and Forest Park West, Louisiana funeral homes. Thus, Letum, Inc. has purposefully availed itself of the benefits and privileges of Louisiana.

Once it is established that a defendant has sufficient contacts with the forum state and that the cause of action arises out of or relates to those contacts, the burden of proof shifts to the defendant to show that exercising personal jurisdiction would be unfair or unreasonable. Wien Air Alasksa, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir. 1999). Traditionally, this is a heavy burden to meet, and it requires a "compelling case." Burger King, 471 U.S. at 477. Letum, Inc. has focused its efforts on establishing that it lacks sufficient contacts with Louisiana and has failed to address whether personal jurisdiction in this matter would be inequitable. Considering Letum, Inc.'s contacts with Louisiana, the nature of the claims against it, and the various interests at play, there is no evidence that exercising personal jurisdiction over it in this circumstance would violate the Due Process Clause of the Fourteenth Amendment. Thus, Letum, Inc.'s motion to dismiss and/or for summary judgment is **DENIED** with regard to the issue of personal jurisdiction.

## II. Scope of Pashby's EEOC Charge.

Defendants assert that the only Respondent named in Pashby's EEOC charge was "Forest Park Cemeteries." Defendants further assert that Forest Park East was the only entity to receive the Notice of Right to Sue letter from the EEOC. Thus, according to defendants, the only entity falling within the scope of the EEOC charge is Forest Park East, the employing entity.

The ADEA requires as a precondition to commencing a civil action against defendants, that the plaintiff first file charges against the defendant with the appropriate state agency, if any, and the

EEOC. These requirements are mandatory and not optional. Oscar Mayer & Co. v. Evans, 441 U.S. 750, 758, 99 S. Ct. 2066, 2072, 60 L. Ed. 2d 609 (1979). Generally, parties not named in the notice or intent to sue cannot be named as a defendant in a subsequent suit. The purpose of this requirement is to ensure that each defendant has knowledge of the alleged violation and a chance to resolve this dispute amicably before litigation. Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 719 (7th Cir. 1969).

District courts in several circuits have recognized an exception to this general rule. An age discrimination suit can be brought against a person not named in the notice of intent if (1) there is substantial identity between the defendant not named in the notice and the defendant who was so named, and (2) the unnamed defendant had notice of the administrative proceeding. Gunning v. San Antonio Teachers Credit Union, 652 F.Supp. 697, 698 (W.D.Tx. 1987); Bumpers v. International Mill Services, Inc., 595 F.Supp. 166, 170 (E.D.Pa. 1984); Lettich v. Kenway, 590 F.Supp. 1225, 1227 (D.Mass. 1984); Rio v. Presbyterian Hospital in the City of New York, 561 F.Supp. 325, 326 (S.D.N.Y. 1983). Two reasons exist for excusing strict compliance. First, "requiring technical compliance with the statute would not further the policies that underlie the notice requirement of section 626(d)." Gunning, 652 F.Supp. at 698. Second, "[a]n unnamed defendant who is aware of the administrative proceedings and whose interest[s] are aligned with another defendant who was named in those proceedings is likely to have had an opportunity before litigation to contribute to the amicable resolution of the dispute." Id.

Letum, Inc. and Forest Park West[3] assert that each was "not named in the EEOC Charge, not

---

[3]Lomison is dismissed, as discussed in Section III, infra, based on a lack of individual liability. Thus, plaintiff's failure to name him in the EEOC Charge is irrelevant.

served with any Notice of the Charge by the EEOC, not contacted by the EEOC with regard to providing information in the investigation, nor contacted with regard to the opportunity to participate in any of the EEOC's conciliation process." Letum, Inc.'s Mem. in Support, pp. 10-11; Forest Park West's Mem. in Support, p. 6. Letum, Inc. references the affidavit of Craig S. Schwalm ("Schwalm"), Vice President of Operations for Letum, Inc., in support of its contentions regarding lack of notice of the EEOC Charge or involvement with the Charge. Schwalm's affidavit does not address the EEOC Charge, or lack of involvement with the charge, in any way. This lack of information, and the interrelation of Letum, Inc. with Forest Park East, as discussed below, at the least, raises a genuine issue of material fact such that the scope of the EEOC charge cannot be determined on summary judgment. Accordingly, Letum, Inc.'s motion is **DENIED** as to the issue of failure to name Letum, Inc. in the EEOC charge.

On the other hand, Forest Park West provides the affidavit of Michele L. Duet ("Duet"), Forest Park West's office manager, wherein she states that Forest Park West was not served with any "Notice to Employer of Filing of Charge" or other notification by the EEOC regarding a Charge of Discrimination allegedly filed by Pashby under the ADEA. Duet Affidavit, ¶9. Duet further states that Forest Park West was not contacted by any EEOC agent or employee in connection with any investigation by the EEOC of any such Charge, nor did Forest Park West provide the EEOC any information related to Pashby's charges. Id. at ¶10. Duet also asserts that it did not participate in any of the conciliatory process with regard to such charge. Id. at ¶11. Plaintiff has offered no evidence to the contrary. Rather, plaintiff generally alleges that all defendants are a single enterprise anyway. Such an allegation is not sufficient to defeat summary judgment. Accordingly, Forest Park West's motion is **GRANTED** as it is not within the scope of Pashby's EEOC Charge.

## III.   Single Employer Status Under the ADEA.

Under the ADEA, it is unlawful for an employer to discharge any individual because of such individual's age.  29 U.S.C. § 623.  Only "employers" can be liable for participating in such discriminatory acts.  Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir. 1996).  The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  29 U.S.C. § 630(b).

Each of the defendants in the instant matter has submitted evidence that he or it does not employ the requisite number of employees.  Without the requisite number of employees, plaintiff cannot establish a necessary element of his ADEA claim.[4]  Although this defense is successful as to Lomison, the undisputed failure to meet the numerosity requirement does not end the inquiry as to Letum, Inc. and Forest Park East.  The Fifth Circuit as well as other courts have construed the term "employer" broadly to include superficially distinct entities that are sufficiently interrelated to constitute a single, integrated enterprise.  See, e.g., Schweitzer v. Advanced Telemarketing Corp., 104 F.3d 761, 764 (5th Cir.1997); Rogers v. Sugar Tree Products, Inc., 7 F.3d 577, 582 (7th Cir.1993); Johnson v. Flowers Indus., Inc., 814 F.2d 978, 981 (4th Cir.1987); York v. Tennessee Crushed Stone Ass'n, 684 F.2d 360, 362 (6th Cir.1982).

It is undisputed that, at the least, Forest Park East was Pashby's employing entity.  Forest

---

[4]In Arbaugh v. Y & H Corporation, — U.S. —, 126 S.Ct. 1235, 1238-1239, 163 L.Ed.2d (2006), the United States Supreme Court held that "the numerical threshold does not circumscribe federal-court subject-matter jurisdiction.  Instead, the employee-numerosity requirement relates to the substantive adequacy of [the plaintiff's] Title VII claim . . . ."  The Supreme Court's holding in Arbaugh, supra, compels the same answer here: that is, the employee-numerosity requirement is an element of the claim, not a limit upon the federal-court's subject-matter jurisdiction.

Park East asserts that despite having more than 20 employees at some particular times, it did not have 20 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. To establish this fact, Forest Park East provides the affidavit of April DeYoung ("DeYoung"), Office Manager of Forest Park East, wherein she states that the largest number of individuals employed by Forest Park East in 2005 was 21; in 2004, 26; and in 2003, 26. By the same token, Letum, Inc. asserts that if it is found to be Pashby's employing entity, it currently has a total of six employees. See Schwalm affidavit, ¶9. Letum, Inc. further asserts that the largest number of individuals it employed in 2005 was 7; in 2004, 5; and in 2003, 2. Pashby has not controverted these numbers. However, Pashby asserts that defendants were a "single employer" under the ADEA. If they are found to be a "single employer," then the number of employees used by each defendant can be aggregated to meet the numerosity requirement.

To determine whether two entities may be regarded as a "single employer" under the ADEA, a court must apply the four-part analysis in Trevino v. Celanese Corp., 701 F.2d 397, 404 (5th Cir. 1983). The four factors to consider include: (1) interrelation of operations, (2) centralized control of labor or employment decisions, (3) common management, and (4) common ownership or financial control. Id. This analysis ultimately focuses on the question of whether one corporation was a final decision-maker in connection with the employment matters underlying the litigation, and all four factors are examined only as they bear on this precise issue. See Lusk v. Foxmeyer Health Corporation, 129 F.3d 773, 777 (5th Cir. 1997). Whether entities can be joined as a single employer is a question of fact. Lihli Fashions Corp. v. NLRB, 80 F.3d 743, 747 (2d Cir. 1996).

As discussed previously by this Court in Pashby v. Saxton, No. 05-1002 (W.D.La. 2005) ("Pashby I"), there is insufficient evidence to pierce the corporate veil and find Lomison individually

11

liable for employment discrimination.[5] Thus, Lomison's motion is **GRANTED** as to ADEA

"employer" issue. However, this Court finds that a genuine issue of material fact remains as to

whether defendants Letum, Inc. and Forest Park West are a single employer with Forest Park East.

Accordingly, for the reasons discussed below, the motions of three other defendants are **DENIED**

as to the numerosity requirement issue.

According to Pashby, Johnson, the purported Vice President of Sales for Letum, Inc., advised

Pashby that his position was eliminated as unnecessary based, in part, on Johnson being hired, and

that "no alternative management position was available." Johnson's involvement in Pashby's

termination supports the primary <u>Trevino</u> factor - centralized control of labor and employment

decisions. <u>See</u> Pashby Affidavit, Exh. 4. Further, plaintiff points to a list, identified as plaintiff's

Exhibits 3 and 3A and attached to Pashby's affidavit, in the form of a memo that has no heading but

states only that it is to "Staff" from Bob Lomison regarding "Employee List." Robert Lomison is

listed as the "President" of an unidentified "entity." Schwalm is listed as "Vice President -

Operations." In his affidavit, Schwalm states that he is employed by Letum, Inc. as "Vice President

of Operations." Schwalm Affidavit, ¶1. Plaintiff's Exhibits 3 and 3A list Johnson as "Vice

President - Sales" for some unnamed entity, presumably the same entity that employs Schwalm but

---

[5]Defendants repeatedly reference this Court's Memorandum Ruling in <u>Pashby I</u>, <u>supra</u>, issued
on November 1, 2005, this Court assumes for the purpose of showing that this Court has previously
determined that Forest Park East was Pashby's employer. <u>See</u> <u>Pashby I</u> Memorandum Ruling, p. 6.
However, the only issue before the Court at that time was whether plaintiff had provided the Court
enough evidence to deafeat summary judgment on the issue of whether Lomison and two other
individuals were plaintiff's employer(s), and, thus, could be liable for the alleged breach of an
employment contract. This Court is not bound by the statement that "Pashby was employed by
Forest Park East Associates, Inc., a corporate entity." That statement is irrelevant in the context of
whether there is sufficient evidence to find that a genuine issue of material fact remains regarding
whether Letum, Inc. and Forest Park East are a "single employer" under the ADEA.

defendants fail to address these allegations.[6]

Defendants do not reply to Pashby's contention that the person who informed him of his termination was employed by Letum, Inc. Rather, defendants assert that "[t]here is no such verbiage in the attached Exhibit 3 regarding all recipients being Letum, Inc. staff." Defendants' Reply, ¶8. In specifically addressing the paragraph of Pashby's affidavit wherein he states that he was fired by Johnson, Vice President of Sales for Letum, Inc., defendants avoid the issue of Johnson's employer's identity and only criticize Pashby's interpretation of why his position was being eliminated.

As to the interrelation of operations factor, plaintiff asserts, but defendant does not concede, that Robert Lomison ("Lomison") is the President of Letum, Inc. Pashby provides the Court an e-mail from Lomison, Pashby Affidavit, Exh. #1, dated January 23, 2004, wherein Lomison states that "Forest Park Cemeteries and Funeral Home, Shreveport," among other funeral homes in Washington and Pennsylvania, have come under Lomison's sole ownership.[7] Plaintiff's Exhibits 3 and 3A lists Lomison as President of some unidentified entity. In those same lists, Pashby is identified as the Director of Sales for both Forest Park East ("Forest Park - St. Vincent") and Forest Park West. Pashby states, without contradiction, that he had an office at both Forest Park East and Forest Park West. Further, the "Detailed Record" for the Louisiana Secretary of State shows Forest Park East

---

[6]The Court does not accept plaintiff's Exhibits 3 and 3A for the truth of the matter asserted. Rather, it is the fact that Johnson and Schwalm, the admitted employee of Letum, Inc., are grouped together as possibly being employed by the same entity, that at least raises a genuine issue of material fact as to whether Letum, Inc. had control over employment decision with regard to Forest Park East employees.

[7]See Fluorine On Call, Ltd. v. Fluorogas Ltd., 380 F.3d 849, 865 (5th Cir. 2004) (Court cites evidence found in e-mails as basis for determining that certain claims could not be resolved on summary judgment); see also Henry v. Cisco Systems, Inc., 106 Fed.Appx. 235, 240 n. 13 (5th Cir. 2004) (Fifth Circuit lists, without criticism, reliance on an e-mail as evidence in support of a non-movant's position).

13

and Forest Park West sharing the same address, that of Forest Park East, and lists Lomison as Director of both entities. As to the issues of common management and common ownership or financial control, it is clear to this Court that Lomison is involved in all three entities.

Based on the evidence before this Court, at the least, a question remains as to whether Letum, Inc. and Forest Park East should be treated as a single, integrated enterprise for purposes of this suit. At this juncture, genuine issues of material fact remain sufficient to defeat summary judgment.

## IV. Claim for Mental Anguish Damages Under the ADEA.

Defendants assert that Pashby is not entitled to damages for mental anguish under the ADEA. The ADEA provides for "such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C. § 626(c). In Dean v. American Security Insurance, 559 F.2d 1036, 1038 (5th Cir. 1977), the plaintiff argued that "legal relief" included the award of punitive and general damages, because such damages would "effectuate the purposes" of the ADEA. The Fifth Circuit rejected the idea that the ADEA provides a claim for damages such as pain and suffering, compensatory or punitive damages. See id. at 1038-39; see also Smith v. The Berry Co., 165 F.3d 390, 396 (5th Cir.1999).

Pashby fails to address this issue, and the Court has found no jurisprudence to the contrary. Plaintiff's failure to raise the issue constitutes waiver for summary judgment purposes. See Ledet v. Fleetwood Enterprises, Inc., 245 F.3d 791, *4 (5th Cir. 2000). Accordingly, defendants' motions are **GRANTED** with regard to plaintiff's claims for mental anguish damages.

## V. Attorney's Fees.

The ADEA does not provide for an award of attorney's fees to a prevailing defendant. 29 U.S.C. §§ 626(b) & 216(b). Although not addressed by the Fifth Circuit, other courts have found

that the court may award attorney's fees to a prevailing defendant if it finds that the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. E.E.O.C. v. O & G Spring and Wire Form Specialty Co., 38 F.3d 872, 883-884 (7th Cir. 1994); Hoover v. Armco, Inc. 915 F.2d 355, 356 -357 (8th Cir. 1990); Morgan v. Union Metal Mfg., 757 F.2d 792, 796 (6th Cir. 1985); Mizrany v. Texas Rehabilitation Commission, 522 F.Supp. 611, 618 (D.C.Tex. 1981), aff'd 685 F.2d 1384 (5th Cir. 1982); citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 1622-23, 44 L.Ed.2d 141 (1975).

Defendant Forest Park West asserts in a conclusory fashion that under Alyesha, supra, "[d]efendant would be entitled to attorney's fees because Pashby has acted in bad faith in naming it as a defendant." In addition to the allegation above, Letum, Inc. asserts that it is not a Louisiana corporation, conducts no business in Louisiana and was not Pashby's employer. Letum, Inc. further asserts that "[t]here is no logical explanation for Pashby adding Letum as a defendant or alleging that it is in fact qualified to do business in Louisiana." Letum, Inc.'s Mem. in Support, p. 12. Finally, Lomison and Letum, Inc. assert that they were not Pashby's employer and were not named as respondents in the EEOC proceedings.

Defendants have failed to show bad faith on Pashby's part. Accordingly, defendants' Motions for Attorney's Fees are **DENIED**.

## CONCLUSION

For the reasons stated above, the Court rules as follows:

- Letum, Inc.'s motion [Doc. #13] is **DENIED IN PART** as to the issue of in personam jurisdiction, the numerosity requirement and the scope of the EEOC Charge, but is **GRANTED IN PART** as to plaintiff's claims for mental anguish damages;

15

- Forest Park East's motion [Doc. #9] is **DENIED IN PART** as to the numerosity requirement, but is **GRANTED IN PART** as to plaintiff's claims for mental anguish damages;

- Lomison's motion [Doc. #7] is **GRANTED IN PART** as there is no basis for his personal liability, and the claims against Lomison are **DISMISSED**;

- Forest Park West's motion [Doc. #11] is **GRANTED IN PART** as it is outside the scope of Pashby's EEOC Charge, and the claims against Forest Park West are **DISMISSED**; and

- Defendants' Motions for Attorney's Fees [Doc. #s 7, 9, 11 & 13] are **DENIED**.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE